

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00064-CV
No. 07-20-00065-CV

IN THE INTEREST OF J.B., A CHILD
IN THE INTEREST OF K.B., A CHILD

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court Nos. 74,140-L1 & 74,142-L1, Honorable David L. Gleason, Presiding

April 9, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellants, Mother[1] and maternal Grandparents, appeal from two trial court orders terminating Mother's parental rights to her children, J.B. and K.B., and appointing the Department of Family and Protective Services as permanent managing conservator of the children.[2] On March 17, 2020, the trial court granted Grandparents' motions for new

---

[1] To protect the privacy of the parties involved, we will refer to the appellants as "Mother" and "Grandparents" and to the children by their initials. See TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2019); TEX. R. APP. P. 9.8(b)(2).

[2] Grandparents filed a petition in intervention in both causes seeking conservatorship of the children. The Department sought to terminate the parental rights of the father of J.B. in cause 74,140-L1. However, the action was severed prior to trial. The trial court terminated the parental rights of the father of K.B. in cause 74,142-L1, but he did not appeal.

trial on the issue of permanent conservatorship in each cause. We now dismiss the appeals for want of jurisdiction.

Generally, appellate courts only have jurisdiction over final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* Appellate courts have jurisdiction to consider immediate appeals from interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam).

When the trial court granted Grandparents' motions for new trial, the orders of termination no longer disposed of the issue of permanent conservatorship of the children. Therefore, the orders are not final. *In re J.S.A.-S.*, No. 14-13-00946-CV, 2013 Tex. App. LEXIS 13992, at *1-2 (Tex. App.—Houston [14th Dist.] Nov. 14, 2013, no pet.) (per curiam) (mem. op.) (holding that a termination order was not final after the trial court granted a new trial as to permanent conservatorship). And, we have found no statutory authority granting an immediate appeal from such interlocutory orders. *See* TEX. FAM. CODE ANN. § 109.002(a), (b) (allowing appeal only from a final order).

By letters of March 24, 2020, we notified appellants that it did not appear we had jurisdiction over the appeals because the trial court granted new trials as to conservatorship of the children. We directed appellants to show grounds for continuing the appeals by April 3, 2020, or we would dismiss them for want of jurisdiction. Appellants did not respond to our letters.

Because there is no final judgment in these cases, we dismiss the appeals for want of jurisdiction.[3]  TEX. R. APP. P. 42.3(a).

Per Curiam

---

[3] On March 23, 2020, Grandparents filed motions to voluntarily dismiss the appeals pursuant to Rule of Appellate Procedure 42.1.  Those motions are rendered moot.